

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| JAMES O. SENN,                  § | | |
|         Petitioner,          § | | |
| § | | |
| vs.                             § | CIVIL ACTION NO. 6:15-235-MGL-KFM | |
| § | | |
| LARRY CARTLEDGE,                § | | |
|         Respondent.          § | | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE PETITION WITH PREJUDICE

This case was filed as a 28 U.S.C. § 2254 action. The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 26, 2016, and the Clerk of Court entered Petitioner's objections to the Report on February 12, 2016. The Court has reviewed the objections, but finds them without merit. Therefore, it will enter judgment accordingly.

Petitioner raises two specific objections to the Magistrate Judge's Report. The Court will address each one in turn.

First, Petitioner objects to the Magistrate Judge's conclusion that defense counsel was not ineffective for failing to call Timothy Senn as a witness at Petitioner's trial. Petitioner's trial counsel deposed Timothy Senn prior to his PCR hearing, where Timothy Senn claimed he had asked Petitioner to drive the vehicle at issue home, that Petitioner did not know what was in the vehicle, and that Petitioner would not have driven it had he known what the vehicle contained: methamphetamine. ECF No. 31 at 2. Petitioner claims that Timothy Senn would have testified to this factual scenario at trial, but nonetheless, defense counsel failed to call Timothy Senn. Petitioner thinks that Timothy Senn's offered testimony would have proven Petitioner's innocence, and because counsel failed to call Timothy Senn as a witness, counsel was ineffective.

To be entitled to relief on a claim of ineffective assistance of counsel, Petitioner must prove that (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that but for counsel's error, the result of that proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). When courts review an ineffective assistance of counsel claim, there is a strong presumption that counsel rendered assistance and exercised reasonable professional judgment in making all significant decisions in the case. *Id.* at 690. The reviewing court is to give great deference to counsel's decisions at trial and deference to the state court that previously reviewed counsel's actions. This approach creates two

standards that are both highly deferential, and when the two apply in tandem, review is "doubly" so. *Harrington v. Richter*, 562 U.S. 86, 104 (2011).

Petitioner is unable to overcome this high bar in proving that his counsel was ineffective for failing to call Timothy Senn to the witness stand. Counsel is given wide authority in developing a tactical strategy for trial. This authority includes choosing which witnesses to call to the stand. *See United States v. Dyess*, 730 F.3d 354, 364-65 (4th. Cir. 2013) ("We give counsel wide latitude in determining which witnesses to call as part of their trial strategy."). Here, counsel was reasonable in choosing not to call Timothy Senn to the witness stand because of the prospect of losing the right to make the final closing argument, and because Timothy Senn's purported testimony would have opened the door for the State to introduce evidence of both Timothy Senn's and Petitioner's prior criminal histories involving methamphetamine. These are valid reasons to show that if Timothy Senn's testimony were included, a jury would most likely infer that Petitioner was aware of the presence of methamphetamine in the vehicle, and that he would have been aware that the vehicle contained the smell of ammonia, an ingredient of methamphetamine.

Petitioner claims these decisions were not "strategic," contending that counsel failed to conduct a basic investigation. This allegation is irrelevant. Counsel chose not to call Timothy Senn because of the pandora's box that would have been opened during cross examination, not because he was unaware of the substance of Timothy Senn's proposed testimony.

Petitioner's claim that Timothy Senn's testimony would have validated his defense at trial might be true, but counsel's inference that Timothy Senn's testimony could have possibly opened the door to prejudicing the jury was reasonable. Counsel believed that cross examination would impeach Timothy Senn's testimony that Petitioner was unaware of the contents of the vehicle. This

is a fair deduction based upon both Petitioner's and Timothy Senn's criminal histories with methamphetamine and the overpowering stench of the ammonia protruding from the vehicle. Counsel reasonably inferred that Petitioner's defense would be stronger by not calling Timothy Senn to the stand rather than calling him and opening the door to cross examination.

Further, Petitioner's opposition to the Report's conclusion that Petitioner failed to prove *Strickland*'s second prong is unfounded.  The objection states that "Petitioner's defense that he did not know about the presence of the drugs was a viable and plausible jury argument."  ECF No. 31 at 4.  However, the strong smell of ammonia coupled with both Petitioner's and, had he testified at trial, Timothy Senn's prior criminal histories with methamphetamine that would have been brought out in cross examination is a substantial amount of incriminating evidence to overcome.  Choosing to call Timothy Senn to the witness stand would not have altered this proceeding, and Petitioner's Sixth Amendment argument regarding his first objection fails to convince this Court that the Magistrate Judge's Report was incorrect.

Second, Petitioner argues that counsel was ineffective in failing sufficiently to convey the law regarding the drug weight to him and contends that he would have accepted the offer had the correct advice been provided to him.  Prior to trial, the State offered a plea deal to Petitioner of three to ten years imprisonment, but he rejected that offer, claiming he relied on counsel's advice to proceed to trial because the State could not prove the drug weight.  *Id.*  Petitioner also objects to the Report's conclusion regarding *Strickland*'s prejudice prong.  *Id.* at 7.  Petitioner alleges that but for counsel's erroneous advice that the State could not prove the drug weight, he would have taken the plea deal.

Once again, Petitioner is unable to meet the high bar one must overcome to satisfy the *Strickland* test. The PCR court found that trial counsel explained to Petitioner the weight of the State's evidence, the charges that he faced, the potential sentences, and the likelihood of success at trial, but Petitioner rejected the plea offer because he was adamant that he did not own the methamphetamine involved. ECF No. 30 at 21. Trial counsel's testimony at the PCR hearing demonstrates that he adopted the strategy contending that the State was unable to prove the weight of the methamphetamine after Petitioner rejected the plea offer. Petitioner argues that this strategy was actually presented to him by counsel before rejecting the plea offer. Even if Petitioner and counsel discussed the perceived difficulties of quantifying the weight of the methamphetamine before rejecting the plea offer, Petitioner was aware of the weight of the evidence against him and was adamant that he did not know the methamphetamine was in the vehicle. His strong belief as to the latter leads the Court objectively to conclude, as the PCR court found, that his allegations of innocence were the driving force behind his decision to reject the plea offer, not counsel's alleged advice. *Id.* Petitioner is unable to prove that but for counsel's alleged ineffective advice, he would have accepted the plea deal.

Petitioner's objection to the Report's conclusion regarding *Strickland*'s prejudice prong is irrelevant. Petitioner is correct that *Strickland* is to reviewed under an objective standard, however, it is objectively reasonable to infer that regardless of his discussions with counsel, Petitioner was going to reject the plea offer because he was confident in his positions that he was unaware that the methamphetamine was in the vehicle when he agreed to drive it and that he did not own the methamphetamine. Petitioner claims that but for counsel's misleading contention that the State could not prove the drug weight, he would have accepted the plea offer. However, Petitioner is

unable to prove this allegation, because the weight of the evidence, as interpreted by the PCR court, shows that he was going to reject the plea offer all along because he felt he was innocent and that a jury would rule in his favor. *Id.*

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED**.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of February, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.